**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLINE MCCLANAHAN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | |
| Webster University, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**<u>PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

THE PARTIES ..................................................................................................................... 2

    Plaintiff .......................................................................................................................... 2

    Defendant ....................................................................................................................... 2

JURISDICTION AND VENUE .......................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............................... 3

    Overview of Webster University ................................................................................... 3

    Benefits of the full on-campus experience .................................................................... 4

    COVID-19 related campus restrictions ....................................................................... 12

    Plaintiff's Experience .................................................................................................. 13

DEFENDANT'S PRACTICES ARE UNETHICAL AND VIOLATED ESTABLISHED
ETHICAL STANDARDS ................................................................................................. 14

    AMA Statement of Ethics ........................................................................................... 15

CLASS ACTION ALLEGATIONS .................................................................................. 16

COUNT I: BREACH OF CONTRACT ............................................................................ 18

COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR
DEALING ......................................................................................................................... 19

COUNT III: UNJUST ENRICHMENT ........................................................................... 20

COUNT IV: MONEY HAD AND RECEIVED ............................................................... 21

COUNT V: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES ............... 22

PRAYER FOR RELIEF .................................................................................................... 25

JURY DEMAND ............................................................................................................... 25

PLAINTIFF Caroline McClanahan ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Defendant Webster University ("Webster" or "Defendant") based on personal knowledge as to her own actions and on information and belief, based on the investigation of counsel, as to Defendant's conduct and practices.

## INTRODUCTION

1.      Plaintiff brings this class action individually and on behalf of a Class of similarly situated individuals (referred to collectively as "Class Members") who are students at Webster University who did not receive the in-person educational experience that they paid for during part of the 2020 Spring Semester as a result of Webster effectively closing its campuses and switching to online instruction due to risks associated with the Novel Coronavirus Disease ("COVID-19"). Based on Defendant's actions Plaintiff and Class Members received a diminished educational experience and received no or reduced value from student fees that they paid associated with the in-person educational experience. Despite this, Plaintiff and Class Members have not been refunded for any tuition or student fees.

2.      Plaintiff does not challenge Defendant's decision to effectively close its campuses and transition to online-only classes because of the COVID-19 pandemic, but the effect of this decision was that Plaintiff and Class Members were deprived of the many benefits of the full in-person university experience for which they paid. This includes in-person instruction, access to campus facilities, participation in campus organizations and student activities, and other benefits and services related to the full on-campus experience. Plaintiff and Class Members did not choose to attend an institution that only offered an online education; instead, they chose and paid for the complete in-person university experience.

1

3.      Defendant's actions as alleged herein constitute a breach of contract, violate the equitable principles of unjust enrichment and money had and received, constitute a breach of the implied covenant of good faith and fair dealing, and violate the Missouri Merchandising Practices Act ("MMPA"), § 407.010 *et seq*, by means of unfair practices.

## THE PARTIES

**Plaintiff**

4.      Plaintiff is a citizen of the State of Missouri. She was an in-person student at Webster at its main St. Louis campus during the 2020 Spring Semester.

**Defendant**

5.      Defendant Webster University is a non-profit corporation organized under the laws of, and registered in, Missouri. It is a private university, with its home campus in St. Louis County, Missouri, and locations across the United States and in several other countries.[1]

## JURISDICTION AND VENUE

6.      This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

7.      This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Because some Class Members and Defendant are citizens of different states, there is minimal diversity. The amount in controversy exceeds $5,000,000 exclusive of interest and costs. There are at least 100 Class Members.

8.      Personal jurisdiction is appropriate because Defendant resides in this district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) both because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

---

[1] *See* http://www.webster.edu/about/ (accessed 7/7/2020).

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

### Overview of Webster University

10.      Webster is a private non-profit university with its home campus in Webster

Groves, Missouri.[2]

11.      Webster states on its website: "Students attend from across the United States and

from more than 100 countries"; it lists campuses in 18 states and the District of Columbia[3]:



_____

[2] http://www.webster.edu/about/ (accessed 7/7/2020).
[3] *Id*.

12.     Webster offers many undergraduate and graduate programs, and its options for students include its College of Arts and Sciences, George Herbert Walker School of Business and Technology, Leigh Gerdine College of Fine Arts (including the Conservatory of Theatre Arts), School of Communications, School of Education, and various Centers and Institutes.[4]

13.     Defendant states that its mission is to ensure "high-quality learning experiences that transform students for global citizenship and individual excellence."[5]

**Benefits of the full on-campus experience**

14.     In recruiting students, Webster markets many benefits associated with the on-campus educational experience that do not remain when it only offers online instruction away from campus.

15.     For example, Defendant tells students on its website that it offers a "Distinctive student experience," including this: "Students experience an ideal, student–centered environment with small classes and personalized learning."[6] Here is a screenshot:



Distinctive student experience

- Students experience an ideal, student-centered environment with small classes and personalized learning
- Students attend from across the United States and from more than 100 countries
- Diversity and inclusion are core values—we offer a welcoming environment
- Distinguished faculty members offer the right balance of global scholarship and professional experience
- Travel awards available – your opportunity to travel to worldwide Webster locations with Webster faculty and students

16.     It states that its "Distinctive campuses and network" provide a "beautiful and vibrant home campus" and enable students "to create a unique experience based on each Webster

---

[4] http://www.webster.edu/academics/; https://www.webster.edu/conservatory/ (both accessed 7/7/2020).
[5] http://www.webster.edu/about/ (accessed 7/7/2020).
[6] *Id*.

University campus location while being assured of consistent academic quality at each location in each program."[7]

## Distinctive campuses and network

- The beautiful and vibrant home campus located in Webster Groves offers undergraduate and graduate programs

- Students are able to create a unique experience based on each Webster University campus location while being assured of consistent academic quality at each location in each program

- A global reach with locations around the world and online—offers quality, convenience and access to learning

- Webster Groves/St. Louis is one node in the worldwide network. Ideas, academic content and contact with students and faculty are constant and free flowing throughout the Webster network

17.     Webster further advertises its "commitment to small class sizes and abundance of events throughout the year," which means "students have the opportunity to share in a rich educational experience." It cites its "[s]tate-of-the-art academic buildings, architecturally significant structures that house various university departments, a modern library, and student center," that "combine to create a picturesque learning environment." [8]

---

[7] *Id.* (highlighting added).
[8] http://www.webster.edu/stlouis/ (highlighting added; accessed 7/7/2020).



18.     Webster also touts its "Campus Life." [9]



19.     On that same "Campus Life" page, Webster states: "A complete college experience can't be contained in just a classroom. It's so much more. Every Webster campus provides a wide range of activities, events and organizations that shape your daily life…"[10]

> **A Collaborative and Supportive Environment**
>
> A complete college experience can't be contained in just a classroom. It's so much more. Every Webster campus provides a wide range of activities, events and organizations that shape your daily life.  Many resources are available to enable students to connect with the programs and activities – from publications and online resources to professionals offering academic advice, counseling and other helpful services.
>
> **Reflecting a Unique Culture**
>
> Every Webster campus is a unique reflection on the community and culture. From the historic home campus near St. Louis and U.S. campuses to network of location in Europe, Africa, and Asia.

---

[10] http://www.webster.edu/campus-life/ (accessed 7/7/2020).

20.     Defendant then proves that it offers "a wide range of activities, events and organizations that shape your daily life" by listing a vast number of ways for students to become involved and benefit from campus life. On the page reproduced below, each item is linked to a page with further descriptions.[11]

---

[11] *Id.*

## Become Involved

First Year Experience Program
Athletics
Campus Ministry
Global Student Leadership Summit
Multicultural Center
SGA
Register to Vote
Student Ambassadors
Student Life Hall of Fame
Student Organizations
University Center
WebsterLEADS
Webster Works Worldwide

## Well-Being

Alcohol/Drug Education & Prevention
Counseling
Fitness Center
Sexual Offense Support Services
Student Health Services
Swimming Lessons
Wellness Blog

## Living On/ Off Campus

Campus Dining Services
Commuter Resources
First Generation Students
Housing & Residential Life
Meal Plan Options

## Learning Communities

Brochure
Application
Website

## Job Searching

Career Planning and Development Center
Student Employment

## Meal Choices

Campus Dining Services
Meal Plan Options

## Policies and Procedures

Grievance Policy
Student Code of Conduct
Student Handbook
Title IX Coordinators

## Services

Behavioral Intervention Team
BIT Alert Instructions
Campus Dining Services
Connections
Emergency Food Pantry
Emergency Loans
Gorlok Mascot Appearance Form
International Student Affairs
Mail and Copy Solutions
Technology Resources
Money for Textbooks Program
New Student Orientation
Sexual Misconduct Information & Resource
Sexual Offense Survivor Support
Student Success Portal
Tuition Refund/Waiver

## Student Affairs Forms

Program Funding Request
Program Report and Evaluation
Preferred Name Form

## Student Media

*Ampersand*
*The Journal* (St. Louis Home Campus)
The Galaxy (Radio Station)
Idea Tree Media

## Study Time

Academic Advising
Academic Resource Center
Bookstores
Emerson Library
Media Center

## Activities

Athletics
Calendar of Events (General)
Getting Involved and Events for Students
Webster Film Series

9

21.     Defendant tells prospective students that "you'll appreciate personal attention" and "you'll find our St. Louis home campus is an ideal setting for learning, having an active social life, and getting involved."[12]

## Prospective Freshmen

Request More Info

A student-centered experience with a real-world perspective. From your first visit and throughout your career at Webster, you'll appreciate personal attention and global connections.

Whether you are an incoming freshman, a transfer student, or a working professional seeking your undergraduate degree, you'll find our St. Louis home campus is an ideal setting for learning, having an active social life, and getting involved.

Our class sizes are small. Our faculty is student-focused. And our staff is able to assist you in every aspect of your education – from student aid, to choosing coursework, and taking advantage of unique local and global learning opportunities.

22.     Thus, Webster students do not pay tuition merely for academic instruction but for the full campus experience. Yet not only does the quality of the academic experience decrease without the benefits of in-person instruction and on-campus facilities, including face-to-face interaction with professors and peers (the "life long friendships")[13], access to computer labs, libraries, laboratories, and more, but the other benefits of the broader in-person university experience are entirely eliminated when all that is provided is online courses that must be attended away from campus.

---

[12] http://www.webster.edu/admissions/undergraduate/stlouis.html (accessed 7/7/2020).
[13] http://www.webster.edu/campus-life/ (highlighting added; accessed 7/7/2020).

23.     Without being able to enjoy the benefits of various student organizations, extra-curricular activities, athletics, theatre programs, networking opportunities and additional benefits associated with on-campus life, the educational experience that Plaintiff and Class Members have received since Defendant implemented the COVID-19 related restrictions addressed herein has been of significantly lesser value than the in-person educational experience that they were promised and paid for.

24.     In addition, Plaintiff and Class Members paid certain mandatory fees associated with student life. For example, full-time students on Defendant's main campus are charged a "Student Activity Fee" of $100 per semester, which "funds campus-wide programs and activities."[14] Residents are also charged a "$60 residential activity fee for each semester which supports educational, cultural, and social programming efforts."[15]

25.     Students also pay for parking permits[16] and a meal plan, in which points not used by the end of the academic year are forfeited.[17]

26.     After Defendant's COVID-19 related restrictions and switch to online learning went into effect, Plaintiff and Class Members no longer received the benefit of these mandatory fees or received a decreased benefit from them, because the fees are primarily associated with the on-campus student experience. Yet Defendant has not provided reimbursements for the unused portions of these mandatory fees.

---

[14] http://www.webster.edu/catalog/documents/catalog-archives/undergraduate/2019-20-undergraduate-catalog.pdf, at 36 (accessed 7/7/2020).
[15] *Id*. at 35.
[16] http://www.webster.edu/finance-and-administration/bursar-and-cashiers/policies-and-forms/charges-and-adjustments.html (accessed 7/7/2020).
[17] http://www.webster.edu/catalog/documents/catalog-archives/undergraduate/2019-20-undergraduate-catalog.pdf, at 35 (accessed 7/7/2020).

**COVID-19 related campus restrictions**

27.     Defendant announced on March 11, 2020, that all classes throughout the United States were being moved online through April 3, 2020.[18] The announcement stated: "The move to online courses will have no impact on tuition/credit hour prices …" *Id*. It further stated: "On the Webster Groves campus, residential halls, the library, and laboratories will remain open … However, all events scheduled through April 5 on the Webster Groves campus will be postponed or canceled." *Id*.

28.     On March 16, 2020, Defendant announced that as of that date it was initiating a phased closure of all on and off campus student housing facilities, to be completed by March 22.[19]

29.     Defendant announced on March 18, 2020, that it would "extend the online delivery of previously scheduled on-ground courses through the end of the spring 2020 semester."[20]

30.     On March 19, 2020, it stated that at its main campus in Webster Groves, as of March 20 a faculty/staff Webster ID card would be needed to enter all classroom and administrative buildings, and that after March 20 only faculty and staff who work in the Emerson Library and University Center would have access to those buildings.[21] It clarified on March 20, 2020, that students needing access to any building "must coordinate with a faculty or staff member who can meet them to let them enter."[22]

---

[18] http://news.webster.edu/global/2020/covid-19-task-force-online-course-events-update.html (accessed 7/7/2020).
[19] http://news.webster.edu/webster-life/2020/covid19-task-force-housing-closure.html (accessed 7/7/2020).
[20] http://news.webster.edu/global/2020/covid-19-online-instruction-extended-spring-term.html (accessed 7/7/2020).
[21] http://news.webster.edu/global/2020/newfile.html (accessed 7/7/2020).
[22] http://news.webster.edu/global/2020/covid-19-task-force-update-commencement-add-drop.html (accessed 7/7/2020).

31.     Defendant announced on April 9, 2020, that "all undergraduate and graduate courses for the summer 2020 term at Webster University's St. Louis area campuses, locations and corporate cohorts will be taught remotely," and that the "current remote learning model, which was instituted in March in response to the pandemic, will continue through the end of summer terms in July."[23]

32.     On June 2, 2020, Defendant announced that it "will begin the fall 2020 semester and term as scheduled and with face-to-face instruction."[24] It stated: "Remote learning activities and options will be a component of most classes, and some classes will be offered entirely in remote format." *Id*.

33.     As a result of Defendant's COVID-19 related on-campus restrictions and move to online-only classes, Plaintiff and Class Members were deprived of the full value of the educational experience for which they paid and were further deprived of the full value of certain student fees for which they paid. Nonetheless, Defendant has not provided any reimbursement for the tuition or fees paid by Plaintiff and Class Members.

**Plaintiff's Experience**

34.     Plaintiff was an on-campus student at Webster's main St. Louis campus during the Spring 2020 semester. She paid tuition and fees to Defendant for the Spring 2020 semester. In doing so, Plaintiff paid for and expected to receive the full on-campus educational experience, including in-person instruction, access to campus facilities, and other student activities and benefits of the campus experience.

---

[23] http://news.webster.edu/academics/2020/summer-term-remote-instruction-coronavirus.html (accessed 7/7/2020).
[24] http://news.webster.edu/global/2020/transition-plans-fall-term-task-force.html (accessed 7/7/2020).

35.     As a result of the restrictions and move to online only classes by Defendant set forth herein, Plaintiff did not receive the full value of the educational experience for which she bargained and paid for.

36.     Plaintiff has lost out on in-person instruction, access to campus facilities, libraries, and the benefits of the broader on-campus student experience.

37.     Furthermore, she has not received the full benefits associated with the student fees that she paid, including, but not limited to, her student activity fee, parking pass and meal plan, due to the on-campus restrictions set forth herein, yet Defendant has failed to reimburse Plaintiff for these fees. The only potential reimbursement that Plaintiff has been made aware of (but has not yet received) is a pro-rated refund toward students' meal plans, which would not adequately reimburse her based on the value of her remaining meal points.

38.     Thus, despite paying for the full on-campus educational experience for the entire Spring 2020 semester, Plaintiff has received an educational experience of a significantly diminished value.

## DEFENDANT'S PRACTICES ARE UNETHICAL AND VIOLATED ESTABLISHED ETHICAL STANDARDS

39.     Defendant's practice of failing to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided and the reduced benefits associated with the fees, as alleged herein, violates generally accepted ethical principles of business conduct.

40.     The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the American Marketing

Association, "the leading organization for marketers [and] the trusted go-to resource for marketers and academics."[25]

**<u>AMA Statement of Ethics</u>**

41.     The American Marketing Association ("AMA") "commits itself to promoting the highest standard of professional ethical norms and values ..." **Ex. A**.[26] As such, it has published its "Statement of Ethics." *Id.* AMA states that "marketers are expected to embrace the highest professional ethical norms and the ethical values implied by our responsibility toward multiple stakeholders (e.g., customers ...)." *Id.* Thus, the Statement of Ethics contains "Ethical Norms," which "are established standards of conduct that are expected and maintained by society and/or professional organizations." *Id.*

42.     The AMA's Ethical Norms state that marketers must "consciously avoid [] harmful actions and omissions," "striv[e] for good faith and fair dealing," "avoid [] deception in ... pricing, communication, and delivery of distribution," and affirm "core values" of honesty, ... fairness [and] transparency."

43.     By not providing appropriate reimbursements to students despite offering a greatly diminished educational experience compared to what it promised, Defendant violated these Ethical Norms because, among other reasons, it did not strive (or achieve) good faith and fair dealing and did not affirm the core values of honesty, fairness and transparency.

44.     The AMA has also published "Ethical Values," which "represent the collective conception of what communities find desirable, important and morally proper." *Id.* These Ethical Values include honesty and "[h]onoring our explicit and implicit commitments and promises."

---

[25] https://www.crunchbase.com/organization/american-marketing-association#section-overview (accessed 7/8/2020).
[26] Available at https://www.ama.org/codes-of-conduct/ (accessed 5/15/2020).

45.     By not providing reimbursements to students despite offering a greatly diminished educational experience compared to what it promised, Defendant violated these Ethical Values, because, among other reasons, it did not honor its explicit and implicit commitments and promises.

## CLASS ACTION ALLEGATIONS

46.     **The Class.** Plaintiff brings this action on her own behalf and as a class action on behalf of all students enrolled in Webster University within the United States for the 2020 Spring Semester who paid, in whole or in part, tuition or other fees for an in-person educational experience that they did not receive in full.

47.     Specifically, Plaintiff seeks to represent the following Class:

> All students enrolled in Webster University within the United States for the 2020 Spring Semester who paid Defendant, in whole or in part, tuition and/or other fees for an in-person educational experience, but were denied an in-person educational experience for the full 2020 Spring Semester based on the System's COVID-19 restrictions.

> ("Class")

> All students enrolled in Webster University within the State of Missouri for the 2020 Spring Semester who paid Defendant, in whole or in part, tuition and/or other fees for an in-person educational experience, but were denied an in-person educational experience for the full 2020 Spring Semester based on the System's COVID-19 restrictions.

> ("Missouri Subclass").

48.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23.

49.     Plaintiff reserves the right to re-define the Class prior to class certification.

50.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendant. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

16

51.     **Common Questions of Law and Fact and Predominance.** Numerous questions of law and fact are common to Plaintiff and the Class Members and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

a.  Whether there is a difference in value between receiving online-only classes and the complete on-campus educational experience;

b.  Whether Defendant breached its contracts with Plaintiff and Class Members by retaining the portion of their tuition that represents the difference between the value of receiving only online classes and the complete on-campus educational experience;

c.  Whether Defendant has been unjustly enriched by retaining the portion of Plaintiff's and Class Members' tuition that represents the difference between the value of receiving only online classes and the complete on-campus educational experience;

d.  Whether Defendant breached its contracts with Plaintiff and Class Members by retaining student fees without providing the complete services that the fees were intended to cover;

e.  Whether Defendant has been unjustly enriched by retaining Plaintiff's and Class Members' student fees without providing the complete services that the fees were intended to cover;

f.  Whether Defendant has a policy of denying reimbursements, in whole or in part, to Plaintiff and the Class Members based on the campus restrictions and move to online-only classes described herein;

g.  Whether Defendant's acts and practices described herein are unfair under the MMPA;

h.  Whether Defendant's acts and practices described herein breach the implied covenant of good faith and fair dealing; and

i.  Whether Plaintiff and Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

52.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

53.     Plaintiff and counsel are committed to prosecuting this action vigorously on behalf of the Class, and do not have any interests that are contrary to or in conflict with those of the Class they seek to represent.

54.     **Typicality.** Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were enrolled at Webster for the 2020 Spring Semester and have suffered damages as a result of its move to online-only classes.

55.     **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

56.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

57.     Absent a class action, the vast majority of Class Members would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims.

58.     Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

<u>**COUNT I: BREACH OF CONTRACT**</u>
(Plaintiff, the Class, and the Missouri Subclass)

59.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein, and further alleges as follows:

60.     Plaintiff and Class Members entered into contracts with Defendant under which they paid Defendant tuition and student fees in exchange for in-person education and other in-person experiences for the 2020 Spring Semester.

18

61.     Plaintiff and Class Members fulfilled their end of the bargain by paying Defendant's required tuition and student fees.

62.     Defendant breached its contracts with Plaintiff and Class Members by ceasing to offer an in-person educational experience during the 2020 Spring Semester and only providing instruction through online courses.

63.     Accordingly, Defendant has failed to provide the services as required by its contracts with Plaintiff and Class Members, and Plaintiff and Class Members have not received the benefit of their bargains with Defendant.

64.     Plaintiff and Class Members thereby suffered damages as a result of Defendant's breach.

65.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
(Plaintiff, the Class, and the Missouri Subclass)

66.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further alleges as follows:

67.     By ceasing to offer to Plaintiff and Class Members an in-person educational experience during the 2020 Spring Semester and only providing instruction through online courses without offering appropriate refunds for tuition and fees, Defendant breached the implied covenant of good faith and fair dealing that is present in every contract.

68.     Through such actions Defendant acted, or exercised a judgment conferred by the express terms of the agreements, in such a manner as to evade the spirit of the transactions and to deny Plaintiff and Class Members the expected benefits of their agreements.

19

69.     Specifically, by failing to provide Plaintiff and Class members with the in-person educational experience for which they paid without offering appropriate refunds, Defendant acted to deny Plaintiff and Class Members the expected benefit of their agreements, in that their agreements were for an in-person educational experience for the 2020 Spring Semester, which is of a higher value than the instruction they received through online courses without an in-person educational experience.

70.     No provision in the agreements between the parties allowed Defendant to provide instruction only through online courses.

71.     Plaintiff and Class Members have been damaged as a result of Defendant's failure to provide the in-person educational experience they were promised.

72.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

### COUNT III: UNJUST ENRICHMENT
(Plaintiff, the Class, and the Missouri Subclass)

73.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-58 of this Complaint, and further alleges as follows:

74.     Substantial benefits have been conferred upon Defendant from Plaintiff and Class Members by Plaintiff and Class Members paying for tuition and student fees for in-person educational experiences.

75.     Defendant knowingly accepted these benefits conferred on it by Plaintiff and Class Members.

76.     Defendant either knew or should have known that, by moving to online only education during the 2020 Spring Semester, it was providing an educational experience of

significantly lesser value and that Plaintiff and Class Members were not receiving the full value they bargained for in paying tuition and student fees.

77.     Defendant's acceptance and retention of these benefits under the circumstances make it inequitable for Defendant to retain these benefits without reimbursement to Plaintiff and the Class based on the diminished value of their educational experiences.

78.     Plaintiff and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant based on its failure to issue such reimbursements.

79.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, and in the alternative to the claim for breach of contract, Plaintiff and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

80.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT IV: MONEY HAD AND RECEIVED
### (Plaintiff, the Class, and the Missouri Subclass)

81.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-58 of this Complaint, and further alleges as follows:

82.     Defendant has received money from Plaintiff and the Class for tuition and fees for the 2020 Spring Semester, which includes money that it received for in-person educational experiences that were not provided as a result of its move to online only instruction, that in equity and good conscience should be returned to Plaintiff and the Class.

83.     It is unjust for Defendant to accept and retain the full amount of this money that it received for tuition and student fees because by moving to online-only instruction it failed to provide the educational experience for which Plaintiff and Class Members bargained.

84.     As an alternative to the claim for breach of contract, Defendant should return to Plaintiff and Class Members the money Defendant received that constitutes the diminished value of Plaintiff's and Class Members' educational experience and loss of the benefit of student fees as a result of Defendant's moving to online only education during the 2020 Spring Semester.

85.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT V: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES
### (Plaintiff and the Missouri Subclass)

86.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-58 of this Complaint as if fully set forth herein, and further alleges as follows:

87.     The actions of Defendant alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA") because they constitute unfair practices.

88.     The MMPA, Mo. Rev. Stat. § 407.020, states in relevant part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

89.     Plaintiff, on behalf of herself and all others similarly situated in Missouri, is entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or

22

lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

90.     The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services. Mo. Rev. Stat. § 407.010. Thus, the educational services that Defendant provides to its students are merchandise.

91.     In providing educational services to its students, Defendant is engaging in the sale of merchandise in trade or commerce.

92.     Plaintiff and the Missouri Subclass purchased in-person educational services from Defendant for personal, family, or household purposes and did not receive the benefit of the in-person educational services for which they paid upon Defendant providing only online course instruction during the 2020 Spring Semester.

93.     Plaintiff and the Missouri Subclass thereby suffered ascertainable loss based on Defendant's unfair practice of providing an educational experience of lesser value during the portion of the 2020 Spring Semester in which it ceased offering an in-person educational experience, without providing Plaintiff and the Missouri Subclass with an appropriate refund toward tuition and fees.

94.     The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. That definition states that unethical practices are unfair in violation of the above statute. Mo. Code Regs. tit. 15, § 60-8.020.

95.     Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. 2014) (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Furthermore, the statute's "plain and ordinary meaning of the words themselves ... are unrestricted, all-encompassing and exceedingly broad." *Id.* at 240.

96.     Pursuant to the MMPA, Defendant has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

97.     Ceasing to offer the in-person educational experience for which Plaintiff and Missouri Subclass Members paid without providing appropriate refunds to Plaintiff and Missouri Subclass Members for tuition and fees based on the diminished educational experience they received after Defendant's move to online only course instruction is unfair and unethical and violates generally accepted principles of ethical business, including but not limited to the principles of the American Marketing Association, as set forth above.

98.     Defendant's acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiff and the Missouri Subclass in an amount to be determined at trial.

99.     Defendant's unfair and unethical acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiff and the Missouri Subclass.

100.     WHEREFORE, Plaintiff and the Missouri Subclass pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, pray judgment against

Defendant as follows:

1.      Certifying the Class as requested herein;

2.      Entering an order appointing Plaintiff's counsel as lead counsel for the Class;

3.      Awarding actual damages against Defendant in an amount to be determined;

4.      Awarding punitive damages against Defendant as the Court deems necessary or
        proper;

5.      Awarding injunctive and equitable relief as permitted by law or equity;

6.      Awarding pre-judgment and post-judgment interest;

7.      Awarding reasonable attorneys' fees and costs herein;

8.      Awarding such other and further relief as the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: July 10, 2020                    Respectfully submitted,

                                        **LAW OFFICE OF RICHARD S. CORNFELD, LLC**

                                        By:  */s/ Richard S. Cornfeld*
                                            Richard S. Cornfeld, MO Bar #31046
                                            Daniel S. Levy, MO Bar #66039
                                            1010 Market Street, Suite 1645
                                            St. Louis, MO 63101
                                            P. 314-241-5799
                                            F. 314-241-5788
                                            rcornfeld@cornfeldlegal.com
                                            dlevy@cornfeldlegal.com

                                            Mark Goldenberg, #41355MO
                                            Thomas P. Rosenfeld, #35305MO
                                            Kevin P. Green, #63497MO

25

GOLDENBERG HELLER & ANTOGNOLI, P.C
2227 South State Route 157
Edwardsville, IL 62025
P. 618-656-5150 / F. 618-656-6230
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

*Attorneys for Plaintiff*

26